RNN/rn

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO **00-6153** **CR-FERGUSON**

18 U.S.C. §371
18 U.S.C. §1028(a)(2)
18 U.S.C. §1546                                   **MAGISTRATE JUDGE**
18 U.S.C. §2                                      **SNOW**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CLINTON GEORGE McLENNON and | ) |
| WINSOR STEELMAN FYFE, | ) |
| | ) |
| Defendants. | ) |

## INDICTMENT

The Grand Jury charges that:

## COUNT I

From in or about March 2000, the exact date being unknown to the Grand Jury, and

continuing to on or about May 16, 2000, at Broward County, in the Southern District of Florida,

and elsewhere, the defendants,

CLINTON GEORGE McLENNON and
WINSOR STEELMAN FYFE,

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with

others known and unknown to the Grand Jury, to commit offenses against the United States,

namely:

(a) knowingly receiving and possessing a forged INS Form I-94, a document prescribed

by statute as evidence of authorized stay or employment in the United States, in violation of Title

18, United States Code, Section 1546(a), and

(b) knowingly transferring a false INS Form I-94, a United States identification

document, knowing that such document was produced without lawful authority, in violation of

Title 18, United States Code, Section 1028(a)(2).

## OBJECT OF THE CONSPIRACY

It was the object of the conspiracy that CLINTON GEORGE McLENNON and

WINSOR STEELMAN FYFE would unlawfully enrich themselves by obtaining a forged

Immigration and Naturalization Service document, and selling it to another person.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that CLINTON GEORGE McLENNON and

WINSOR STEELMAN FYFE received money from another person in exchange for obtaining a

forged Immigration and Naturalization Service document.

It was also a part of the conspiracy that CLINTON GEORGE McLENNON and

WINSOR STEELMAN FYFE obtained and then transferred a false Immigration and

Naturalization Service document to another person.

## OVERT ACTS

In furtherance of the conspiracy and to effect its object, at least one or more of the overt

acts listed in Counts II and III of this Indictment, which are incorporated herein by reference,

among others, were committed in the Southern District of Florida, and elsewhere, by at least one

of the conspirators.

All in violation of Title 18, United States Code, Section 371.

## COUNT II

In or about March 2000, the exact date being unknown to the Grand Jury, at Broward

County, in the Southern District of Florida, the defendants,

### CLINTON GEORGE McLENNON and
### WINSOR STEELMAN FYFE,

did knowingly and willfully receive and possess a document prescribed by statute as evidence of

authorized stay or employment in the United States, that is: an INS Form I-94 (Arrival/Departure

Record), which the defendants knew to be forged, in violation of Title 18, United States Code,

Sections 1546(a) and 2.

## COUNT III

In or about March 2000, the exact date being unknown to the Grand Jury, at Broward

County, in the Southern District of Florida, the defendants,

### CLINTON GEORGE McLENNON and
### WINSOR STEELMAN FYFE,

did knowingly transfer a false United States identification document, to wit: an INS Form I-94

(Arrival/Departure Record), knowing that such document was produced without lawful authority,

in violation of Title 18, United States Code, Sections 1028(a)(2) and 2.

## COUNT IV

On or about May 16, 2000, in Broward County, in the Southern District of Florida, the

defendant.

### CLINTON GEORGE McLENNON.

did knowingly and willfully possess a document prescribed by statute as evidence of authorized

stay or employment in the United States. that is: an INS Form I-766 (Work Permit), which the

defendant knew to be forged, in violation of Title 18, United States Code, Section 1546(a).

A TRUE BILL

_____

FOREPERSON

_____

GUY A. LEWIS
UNITED STATES ATTORNEY

_____

ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO. _____

v.                                **CERTIFICATE OF TRIAL ATTORNEY**\*

Clinton George McLennon, et al        **Superseding Case Information**:

**Court Division**: (Select One)        New Defendant(s)          Yes ____     No ____
                                        Number of New Defendants    ____
____ Miami  ____ Key West               Total number of counts      ____
_X_  FTL    ____ WPB ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:          (Yes or No) _NO_____
   List language and/or dialect     _____English_____

4. This case will take _3-4_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _X_ | Petty | _____ | |
| II | 6 to 10 days | _____ | Minor | _____ | |
| III | 11 to 20 days | _____ | Misdem. | _____ | |
| IV | 21 to 60 days | _____ | Felony | _X_ | |
| V | 61 days and over | _____ | | | |

6   Has this case been previously filed in this District Court?  (Yes or No) _No_
If yes:
Judge: _____        Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) _Yes_____
If yes:
Magistrate Case No.   _00-4122-SNOW_____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____5/26/00_____
Defendant(s) in state custody as of _____
Rule 20 from the _____        District of _____

Is this a potential death penalty case? (Yes or No) _____No_____

7.    Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No    If yes, was it pending in the Central Region? ___ Yes ___ No

ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 933996

\*Penalty Sheet(s) attached                                    REV 4/7/99

# SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __Clinton George McLennon__        No.:_____

Count #: 1
Conspiracy to commit offenses against the United States; in violation of 18:371

*Max Penalty:    Maximum penalties of five (5) years' imprisonment; $250,000 fine.

Count #:2
Receiving and possessing a forged  I-94; in violation of 18:1546(a)

*Max Penalty:    Maximum penalties of ten (10) years' imprisonment; $250,000 fine

Count #:3
Transferring a false identification document; in violation of 18:1028(a)(2)

*Max Penalty:    Maximum penalties of fifteen (15) years' imprisonment, $250,000 fine

Count #:4

Possession of a forged work permit which the defendant knew to be forged; in violation of 18:1546(a)

*Max Penalty:   Maximum penalties of ten (10) years' imprisonment; $250,000 fine

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV  12/12/96

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:  Winsor Steelman Fyfe            No.:_____

Count #:1
Conspiracy to commit offenses against the United States; in violation of 18:371

*Max Penalty:   Maximum penalties of five (5) years' imprisonment; $250,000 fine.

Count #:2
Receiving and possessing a forged I-94; in violation of 18:1546(a)

*Max Penalty:   Maximum penalties of ten (10) years' imprisonment; $250,000 fine

Count #:3
Transferring a false identification document; in violation of 18:1028(a)(2)

*Max Penalty:   Maximum penalties of fifteen (15) years' imprisonment; $250,000 fine

Count #:

*Max Penalty:

Count # :

*Max Penalty.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV 12/12/96