UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RECEIVED & FILED IN OPEN COURT  6/8/00  CASE NO

UNITED STATES OF AMERICA

Carlos Juenke, Clerk
United States District Court
Southern District of Florida

00-6153-CR-Ferguson

ORDER RE:  **STATUS CONFERENCE**
           **SPEEDY TRIAL**
           **PRETRIAL MATTERS**

           vs

Clinton George McLennon
Winsor Steelman Fyfe

1.    IT IS HEREBY ORDERED that counsel for the Government and the
Defense appear before Magistrate Judge     Lurana S. Snow     in Fort
Lauderdale, Florida on  June 23,  .2000 at 11:00 a.m. for Status Conference
to resolve pre-trial motions and discovery problems.

       All counsel are directed to read carefully the Standing Discovery
Order which clearly delineates the parties' discovery obligations, including
the materials sought by the vast majority of the standard pre-trial motions.
Routine filing of "boilerplate" motions covered by the Standing Discovery
Order, as well as repeated failure to timely provide discovery has
substantially contributed to the backlog of criminal cases in this District.
Accordingly, all counsel are hereby advised that this Court will recommend
the imposition of sanctions against attorneys who persist in these practices.
       Where the parties are able to resolve all pre-trial
matters prior to the date of the above scheduled status
conference, they should so notify the Court, in writing  and will
be excused from attendance at the conference.

       2.    Under Rule 88.5 of the Local Rules of the United States
District Court for the Southern District of Florida it is the
duty of counsel to provide the Court with written reports setting
forth the speedy trial status of each case pending before the
Court.   Such report shall be submitted to the United States
Attorney pursuant to that Rule.   Such report shall set forth:
    A.    All excludable time on which there is agreement,
          including the applicable statutes.
    B.    All excludable time as recorded on the docket on
          which there is a conflict, including the
          applicable statutes;
    C.    i.    Computation of the gross time;
          ii.   Excludable time;
         iii.   Net time remaining;
          iv.   The final date upon which the defendant(s)
                may be tried in compliance with the speedy
                trial plan of this Court; and
    D.    Any agreement by the parties as to excludable time
          which exceeds the amount recorded on the docket
          shall have no effect unless approved by the Court.
          Failure to timely file such reports may result in
          sanctions being imposed.
       3.    The United States Attorney shall provide discovery to the
defendant(s) within the time provided under the Standing Discovery Order.
Failure to timely provide such discovery absent prior approval of the Court
for an extension of time, may result in the imposition of sanctions by the
Court.

       4.    The defendant(s) shall file all motions on a timely basis within

1

the period provided in the Standing Discovery Order. Failure to timely
provide such discovery absent prior approval of the Court for an extension
of time, may result in the imposition of sanctions by the Court.

      A.    Any extension of time for filing defensive motions
            must be requested at the time of arraignment.

      B.    Any motion untimely filed will be denied unless
            good cause is shown for the delay, except as
            justice requires or as otherwise provided by the
            Federal Rules of Criminal Procedure.

5.       Counsel shall abide by Local Rule 88.9 which states:
Motions in criminal cases shall be accompanied by a written statement
certifying that counsel for moving party, or the moving party if not
represented by counsel, has conferred with opposing counsel or party as the
case may be, in an effort in good faith to resolve by agreement the subject
matter of any motion, but has not been able to do so. In addition, the
written statement shall specify the information that has been made available
to opposing counsel or parties in lieu of filing motion.

6.       Pursuant to Amendment to General Local Rule 7, Local Rules of the
United States District Court for the Southern District of Florida entered
July 17, 1984, counsel must attach a copy of each pleading, motion, and/or
other papers tendered for filing with the original document. Both the
original and the copy will be filed together with the Clerk of Court.
Please attach your envelopes to the copy not the original.

7.       Motions to travel must set forth:

      A.    The date the defendant desires to leave the area
            permitted under the bond;

      B.    The date of his or her return;

      C.    The address where the defendant will be staying;

      D.    The telephone number at the place where the
            defendant will be staying;

      E.    The method of travel to be used by the defendant;

      F.    Whether the United States Attorney has no
            objection to such travel; and

      G.    The name of the Magistrate Judge who originally
            set the conditions of release.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 8 day
of      June  , 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record